IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAM WALKER,

                    Plaintiff,

          vs.                                                    No. 14-CV-0584-MV-SMV

UNITED STATES OF AMERICA,

                    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States' Motion to Dismiss and Memorandum in Support [Doc. 16]. Plaintiff did not respond. The Court, having considered the Motion, brief, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and therefore will be **GRANTED**.

## BACKGROUND

Little factual elaboration is necessary to resolve this dispute. On June 24, 2014, Plaintiff filed a barebones Complaint with this Court, alleging that Cheryl Quimayousie, misidentified in the pleading as Michelle Quimayousie, "slandered and defamed" Walker. *See generally* Doc. 1. After some confusion regarding service of the Complaint, Plaintiff filed an Amended Complaint on December 18, 2014. *See generally* Docs. 4, 6, 9. The Amended Complaint, despite expressly relying solely on the Federal Tort Claims Act ("FTCA" or the "Act") named Cheryl Quimayousie and Ft. Wingate High School as defendants; the United States properly substituted itself as the only appropriate defendant in this case. *See* Docs. 9, 15. The United States now moves this Court to dismiss the action for lack of subject matter jurisdiction.

**DISCUSSION**

The Court perceives a raft of potential jurisdictional defects lurking beneath the surface of this case, any one of which would be independently sufficient to scuttle Walker's suit.  Given Plaintiff's apparent disinterest in this matter, however, the Court will not tarry in its discussion longer than necessary and will cabin its analysis to the jurisdictional issue raised by the government.

**I.    Federal Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014) (internal quotation marks omitted).  Consequently, unlike personal jurisdiction, subject matter jurisdiction "cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts."  *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012).  This burden rests squarely with the party seeking to invoke the jurisdiction of the Court.  *See Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) ("We presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal quotation marks omitted, alteration original).  Hence, if Walker is unable to establish jurisdiction, this matter must be dismissed.

**II.   The Federal Tort Claims Act, Sovereign Immunity, and Jurisdiction**

The FTCA effects a limited waiver of the sovereign immunity of the United States. *Rashad v. D.C. Central Detention Facility*, 570 F. Supp. 2d 20, 23 (D.D.C. 2008) ("The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit

2

for certain, but not all, tort claims.") (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)).  *See also* 28 U.S.C. § 1346.  That is, the Act is an exception to the general rule that the United States is immune from tort suits, including for the conduct of its instrumentalities and employees for actions taken in their official capacities.  *See United States v. Bormes*, 133 S. Ct. 12, 16 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed.") (internal quotation marks omitted).  *See also Lipkin v. S.E.C.*, 468 F. Supp. 2d 614, 621 (S.D.N.Y. 2006) ("Claims asserted against agencies of the United States government or federal officers in their official capacities are considered to be asserted against the United States and are also barred under the doctrine of sovereign immunity.").  One exception to this waiver, however, is that no claim may lie against the United States that "aris[es] out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h). *See also, e.g.*, *Olaniy v. District of Columbia*, 763 F. Supp. 2d 70, 90 (D.D.C. 2011) ("the United States has not waived its sovereign immunity for claims 'arising out of' alleged acts of libel or slander."); *Logan v. United States*, 272 F. Supp. 2d 1182, 1187 (D. Kan. 2003) ("claims of defamation and slander are not actionable under the Federal Tort Claims Act.").

Thus, it is plain that Walker's sole cause of action in this suit is categorically exempted from the FTCA and therefore unequivocally barred by sovereign immunity.  Indeed, because "[s]overeign immunity is jurisdictional in nature," this Court is without authority to move any farther than this determination and must dismiss the suit immediately.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  *See also San Juan County, Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014) ("The terms of the waiver [of sovereign immunity] 'define [the] court's jurisdiction to entertain the suit.'") (quoting *Meyer*, 510 U.S. at 475).

**CONCLUSION**

The United States of America has not consented to be sued for slander or defamation.  As this is the only claim raised in the Amended Complaint, sovereign immunity prohibits Walker from maintaining this action and this Court must dismiss the case for lack of subject matter jurisdiction.  **IT IS THEREFORE ORDERED** that United States' Motion to Dismiss and Memorandum in Support [Doc. 16] is **GRANTED.**

Dated this 10th day of April, 2015.

**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE